UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
Southern Division

STEVEN B. SIVAK, et al.
    Plaintiffs,

CASE NO.: 2:13-cv-15263

vs.

Hon. Gerald E. Rosen

UNITED PARCEL SERVICE CO.,
    Defendant.

Mag. Judge R. Steven Whalen

_____/

PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Plaintiffs Steven B. Sivak and International Samaritan, through counsel, respectfully move the Court as follows:

1.    Pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3), plaintiffs hereby move for certification of the following class:

> All persons residing in the United States who purchased from defendant UPS, directly or through an Authorized Outlet, declared value coverage for shipments with a declared value in excess of $300.00.

2.    Pursuant to Federal Rules of Civil Procedure 23(c)(4), plaintiffs hereby move for certification of the following class on the issue of whether defendant has breached its contract with class members by charging for the first $100 of declared value for:

> All persons residing in the United States who purchased from defendant UPS, directly or through an Authorized Outlet, declared value coverage for shipments with a declared value in excess of $300.00.

3. Pursuant to Federal Rules of Civil Procedure 23(c)(4), plaintiffs hereby move for certification of the following class on the issue of whether defendant has been unjustly enriched by retaining charges it assessed on the first $100 of declared value for:

> All persons residing in the United States who purchased from defendant UPS, directly or through an Authorized Outlet, declared value coverage for shipments with a declared value in excess of $300.00.

4. Pursuant to Federal Rules of Civil Procedure 23(c)(5) plaintiffs hereby move for certification of the following subclasses:

> a. All persons residing in the United States who purchased from defendant UPS, directly or through an Authorized Outlet, declared value coverage for a declared value in excess of $300.00 for shipments of items primarily for personal, family, or household purposes.

and

> b. All persons residing in Michigan who purchased from defendant UPS, directly or through an Authorized Outlet, declared value coverage for a declared value in excess of $300.00 for shipments of items primarily for personal, family, or household purposes.

and

> c. For each state-law claim set forth in the Complaint for one of the foregoing class definitions, subclasses for each different applicable statute of limitation period.

5. "Authorized Outlet" in the foregoing class definitions means any of the following:

- A UPS Authorized Shipping Outlet
- A UPS Customer Center
- A UPS Store
- A UPS Franchise
- A UPS Alliance Location
- A UPS Authorized Service Provider
- A UPS Worldwide Express Freight Center, and
- Any drop box, internet web site, "app", or other location or facility for which customers were or are charged for excess declared value coverage using UPS software, rates, or tables.

6. Specifically excluded from each of the foregoing classes and subclasses are any entity in which the defendant has a controlling interest; defendant's parents, subsidiaries, affiliates, officers, and directors; and the UPS Authorized Outlets as defined above, and all persons having an ownership interest in such Authorized Outlets, except that stockholders of a UPS Alliance Location (e.g, Staples and Office Depot) are not excluded. Also excluded are the Court, any members of the Court's staff or their immediate families, and plaintiffs' counsel.

7. Plaintiffs are filing this Motion for Class Certification to protect their rights and the rights of putative class members in light of the rulings in *Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011), and in *Hrivnak v. NCO Portfolio Management*, 719 F.3d 564 (6th Cir. 2013). Plaintiffs reserve the right to amend or modify the classes and subclasses they seek to have certified after any appropriate discovery has occurred. Accordingly, plaintiffs respectfully request that the Court set a briefing schedule that takes into an account any discovery needs preparatory to determination of the class certification issues in this case.

WHEREFORE, plaintiffs respectfully requests that this Court enter an order certifying the classes described in this Motion, as supplemented by any further briefing before or after discovery; appointing plaintiffs as class representatives and their counsel as class counsel; and ordering such further relief as this Court deems just and appropriate after the parties have completed any discovery necessary for developing, briefing, and determining this Motion.

Dated: January 11, 2014    Respectfully submitted,

    *s/ Andrew J. McGuinness*
Andrew J. McGuinness (P42074)
**ANDREW J. MCGUINNESS, ESQ.**
122 S Main St, Suite 118
P O Box 7711
Ann Arbor, Michigan  48107
Telephone:  (734) 274-9374
E-mail:  drewmcg@topclasslaw.com

Of Counsel:

Jeffrey A. Leon
**COMPLEX LITIGATION GROUP LLC**
513 Central Ave., Suite 300
Highland Park, Illinois 60035
Phone: (847) 433-4500

Attorneys for Plaintiffs and Class Counsel

CERTIFICATE OF SERVICE

      The undersigned, an attorney, hereby certifies that on January 11, 2014, a copy of the foregoing was filed with the Court using the ECF system, which will send notification of such filing to all attorneys of record.

                                              /s/ *Andrew J. McGuinness*
                                              Andrew J. McGuinness