## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**STEVEN B. SIVAK**, and **INTERNATIONAL SAMARITAN**, on behalf of themselves and all others similarly situated,

               Plaintiffs,

                                   No. 13-cv-15263

   vs.                                Hon. Gerald E. Rosen

**UNITED PARCEL SERVICE COMPANY**,

               Defendant.

_____/

## OPINION AND ORDER DENYING PLAINTIFFS' RULE 60(b)(6) MOTION FOR RELIEF FROM JUDGMENT, TO CONSOLIDATE, AND FOR LEAVE TO FILE AMENDED CONSOLIDATED COMPLAINT

### I. INTRODUCTION

On July 1, 2014, this Court dismissed Plaintiffs' First Amended Complaint with prejudice and entered judgment for Defendant.  Plaintiffs now request that this Court set aside judgment pursuant to Federal Rule of Civil Procedure 60(b)(6).  They do so for a unique reason and one that is not contemplated by this Rule -- in order to consolidate this matter with another nearly identical matter for judicial economy and appellate purposes.  As briefly set forth below, the Court DENIES Plaintiffs' Motion.

## II. PERTINENT PROCEDURAL HISTORY AND BACKGROUND

On December 27, 2013, Plaintiffs' counsel filed two separate, but nearly identical lawsuits challenging the manner in which UPS charges customers for additional liability coverage, one in the Eastern District of Michigan (this matter) and one in the Central District of California (*Solo v. UPS*, 13-cv-9515).[1]   In contrast to the *Solo* matter where UPS has yet to file an answer (by stipulation of the parties), UPS moved to dismiss Plaintiffs' First Amended Complaint on February 2, 2014.  (Def's Mtn., Dkt. # 14).  While that motion remained pending, the parties -- without judicial involvement -- discussed consolidating both matters before this Court.  (Exs. A-E to Plfs' Mtn., Dkt. # 38-1).  Before coming to an agreement however, this Court dismissed Plaintiffs' First Amended Complaint with prejudice on July 1, 2014.  *Sivak v. United Parcel Service Co.,* --- F. Supp. 2d ---, 2014 WL 2938088 (E.D. Mich. 2014) (Rosen, C.J.).

The *Solo* Plaintiffs subsequently dismissed their Complaint without prejudice and refiled it as a "companion case" here in the Eastern District of Michigan on July 11, 2014, which was assigned to the Honorable Judith E. Levy. (14-cv-12719).  This Court accepted reassignment pursuant to Local Rule 83.11 on July 28, 2014.  (*Id.* at Dkt. # 6).  UPS has neither appeared nor filed a responsive

---

[1] Jeffrey A. Leon and Andrew J. McGuinness filed the initial Complaint in *Sivak*. Leon (but not McGuinness) was also part of a team of lawyers who filed *Solo*.  On June 23, 2014, this Court granted Leon's motion to withdraw as the *Sivak* Plaintiffs' attorney.  McGuinness now represents both the *Solo* and *Sivak* Plaintiffs.

pleading in the *Solo* matter, and the parties have stipulated to extend UPS's response date through August 29, 2014. (*Id.* at Dkt. # 7).

The *Sivak* Plaintiffs filed this instant Motion on July 31, 2014. They request unique relief under Federal Rule of Civil Procedure 60(b). Plaintiffs request that this Court: (1) vacate its July 1, 2014 judgment under Rule 60(b)'s catch-all provision; (2) consolidate *Sivak* and *Solo*; (3) permit the filing of a single consolidated amended complaint (a draft of which is attached to their Motion); (4) deem UPS's previously filed Motion to Dismiss to be refiled against this new complaint and permit the parties to just rest on their previously submitted briefs; and (5) dismiss the single consolidated amended complaint with "a new, one-sentence judgment . . . on the basis of its July 1, 2014 Opinion and Order." (Plfs' Mtn., Dkt. # 38, at 36). They advance this plan in the name of judicial economy: it would obviate the need for the parties to file responsive pleadings in the *Solo* matter and would avoid duplicative appellate practice. (*Id.* at 36, 42-45). While a noble consideration, this Court cannot conclude that Rule 60(b) supports such relief.

### III. DISCUSSION

#### A.    Standard of Review

Federal Rule of Civil Procedure 60(b) governs Plaintiffs' Motion, and provides as follows:

3

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1)   mistake, inadvertence, surprise, or excusable neglect;
>
> (2)   newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3)   fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4)   the judgment is void;
>
> (5)   the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6)   any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Plaintiffs only rely upon the "any other reason that justifies relief" catch-all provision.  (Plfs' Mtn., Dkt. # 38, at 40 n.2).

The Sixth Circuit recently summarized relief under Rule 60(b)(6) in *McGuire v. Warden, Chillicothe Correctional Institute*, 738 F.3d 741 (6th Cir. 2013) as follows:

> "Relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation.  This is especially true in an application of subsection (6) of Rule 60(b), which applies only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule."  *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468 (6th Cir.

4

> 2007) (alteration and quotation marks omitted) (citation omitted).
> Relief is limited to "unusual and extreme situations where principles
> of equity *mandate* relief." *Id.* (quoting *Olle v. Henry & Wright
> Corp.,* 910 F.2d 357, 365 (6th Cir. 1990)). "The decision to grant
> Rule 60(b)(6) relief is a case-by-case inquiry that requires the trial
> court to intensively balance numerous factors, including the
> competing policies of the finality of judgments and the incessant
> command of the court's conscience that justice be done in light of all
> the facts." *Thompson v. Bell,* 580 F.3d 423, 442 (6th Cir. 2009)
> (quoting *Blue Diamond Coal Co. v. Trustees of UMWA Combined
> Benefits Fund,* 249 F.3d 519, 529 (6th Cir. 2001)) (alteration omitted).

*Id.* at 750. Stated differently, "district courts may employ subsection (b)(6) as a

means to achieve substantial justice when 'something more' than one of the

grounds contained in Rule 60(b)'s first five clauses is present." *Hopper v. Euclid

Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989). The Sixth Circuit

has also stressed that "parties may not use a Rule 60(b) motion as a substitute for

an appeal or as a technique to avoid the consequences of decisions deliberately

made yet later revealed to be unwise." *Id.* (internal citations omitted). Finally, a

district court has "especially broad" discretion under Rule 60(b)(6) "given the

underlying equitable principles involved." *Id.*

## B.    Plaintiffs have not shown that the principles of equity mandate relief

It is clear that Plaintiffs' Motion does not advance an argument that the

"principles of equity mandate relief." Plaintiffs concede as such, but argue that

because they "are not challenging the finality or propriety of this Court's rulings,"

they "need not show an extraordinary ground for relief." (Plfs' Mtn., Dkt. # 38, at

42). Their motive, rather, "is purely administrative and to promote the efficient administration of justice." (*Id.*). However well-intentioned their motive may be, Plaintiffs have not shown that the principles of equity require this Court to vacate its judgment. Absent such a showing, this Court may not exercise its discretion.

With that said, the Court appreciates that Plaintiffs have raised the issue of judicial economy. In *Sivak*, this Court rejected Plaintiffs' fundamental premise that UPS's Shipping Contract provided "the first $100.00 of declared value coverage without charge for packages with a declared value of over $300.00" and dismissed Plaintiffs' contractual, unjust enrichment, 49 U.S.C. § 13708(a-b), and RICO claims. *Sivak*, --- F. Supp. 2d ---, 2014 WL 2938088, at *8-18. The *Solo* Plaintiffs -- and the proposed single consolidated amended complaint -- essentially echo this theory and these claims.[2]

In short, Plaintiffs' promised forthcoming appeal in the *Sivak* matter will govern the *Solo* matter. The Court is also not aware of any unique issue to be litigated in the *Solo* matter that would support consolidation for the purpose of the *Sivak* appeal.[3] Recognizing this and in the interest of judicial economy, the Court

---

[2] They do not, however, allege violations of RICO or 49 U.S.C. § 13708(a). The Court also notes -- and Plaintiffs acknowledge -- that UPS may elect to raise different defenses in the *Solo* matter. This may include, for example, whether personal jurisdiction is appropriate.

[3] Plaintiffs argue that "the fact that plaintiffs in the *Solo* action allege compliance with UPS's asserted 180-day notice condition provides a further basis for the conclusion that the efficient administration of justice will be advanced by

is willing to entertain a motion -- or a stipulated proposed order -- to stay the *Solo* litigation pending the *Sivak* appeal.  The Court encourages the parties to request such relief in advance of August 29, 2014 -- the date by which UPS must respond to the *Solo* Complaint.

## IV. CONCLUSION

For these reasons,

IT IS HEREBY ORDERED that Plaintiffs' Rule 60(b)(6) Motion for Relief From Judgment, To Consolidate, And For Leave To File Amended Consolidated Complaint (Dkt. # 38) is DENIED.

**IT IS SO ORDERED.**

Dated:  August 12, 2014                   s/Gerald E. Rosen
_____
                                          Chief Judge, United States District Court


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 12, 2014, by electronic and/or ordinary mail.

                                          s/Julie Owens
_____
                                          Case Manager, (313) 234-5135

---

consolidation of two cases at this juncture." (Plfs' Mtn., Dkt. # 38, at 42).  But as they admit, this Court declined to address the 180-day argument.  *Sivak*, --- F. Supp. 2d ---, 2014 WL 2938088, at *7 n.4.  There simply is no reason to consolidate these cases for the purpose of appeal because they share issues that this Court did not address.